UNITED STATES DISTRICT COURT
Eastern District of Massachusetts

Case Number 05 10478 NG

MAYORAZGO EXPORT, S.L.,

    Plaintiff

v.

LARRY V. LEE d/b/a ASSOCIATED FRUIT TRADERS,

    Defendant

## STATEMENT OF REASONS AND AUTHORITY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.." Fed.R.Civ.P. 9(b). A mere reference to fraud in a complaint is insufficient to state a viable fraud claim. *Charbonnier v. Amico*, 367 Mass. 146, (1975). Similarly, a general averment of fraud will not support such a claim. *Nichols v. Rogers*, 139 Mass. 146, 150 (1885). Claims made under Section 11 of Chapter 93A of the General Laws also require particularity in pleading. *Mead Corp. v. Stevens Cabinets, Inc.*, 938 F. Supp. 87 (D. Mass. 1996)(a claim was insufficient where it failed to allege where, how and when

- 1 -

misrepresentations were made).

In the instant complaint, the plaintiff has alleged it shipped fruit and vegetables to the defendant during February and March of 2002. Complaint, par. 3. Count III of the Complaint is entitled "DECEIT OR FRAUD," but it fails to aver any action or omission on the part of the defendant which will support such a claim. Plaintiff avers that defendant "implied . . . difficulties in paying for the remaining balance due [for the fruit and vegetables]." Complaint, Count III. While plaintiff refers to representations made by the defendant in correspondence attached to the Complaint, all the correspondence cited was written after all of the fruit and vegetables had been shipped by plaintiff. See Complaint, Exhibits A-O. No act precedent to the shipping of the fruit on the part of the plaintiff is alleged in the Complaint.

In the next-to-last paragraph of the Complaint, plaintiff concludes that the "correspondence(s) . . . set forth the basis for plaintiff [sic.] claim of deceit or fraud which resulted in unfair and deceptive business practice." Yet, in the absence of any claim that plaintiff committed some act of deceit which led to the shipment of the fruit and vegetables, plaintiff has not met the requirements of particularity imposed by Rule 9 and Sections 2 and 11 of Chapter 93A of the General Laws.

## REQUEST FOR ORAL ARGUMENT

Defendant believes that oral argument will assist the Court in considering this motion and therefor requests an opportunity to be heard at the Court's convenience.

Larry V. Lee,
by his attorney

Dated: April 19, 2005

Frank L. McElroy
2 Hooper Street
Marblehead, MA 01945
BBO#332380
Tel. 781.631.8700

## Certificate of Service

I, Frank L. McElroy, hereby certify that I served the attached Motion and Statement of Reasons by causing copies of same to be forwarded by first class mail, postage prepaid, on April 19, 2005, to:

Eugene W. Downing, Jr.
363 Massachusetts Avenue
Lexington, MA 02420

Signed under the penalties of perjury, April 19, 2005.